Citation Nr: 1331589 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 00-03 484 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines



THE ISSUE

Entitlement to service connection for the cause of the veteran's death. 



ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel






INTRODUCTION

The appellant seeks VA death benefits as the deemed valid surviving spouse of a deceased Filipino (the veteran) who died in April 1957. The veteran had beleaguered service from December 8, 1941 to April 9, 1942, was a prisoner of war (POW) of the Japanese Government from April 10, 1942 to June 5, 1942, was in no casualty status from June 6, 1942 to April 12, 1945, and was in the Regular Philippine Army (PA) service from April 13, 1945 to April 20, 1945. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal of an October 1999 rating decision of the Manila, Philippines Regional Office (RO) of the Department of Veterans Affairs (VA), which denied service connection for the cause of the veteran's death on the merits after determining that new and material evidence had been received to reopen the previously denied claim. In a September 2002 decision, the Board determined that there was not new and material evidence to reopen the claim. The appellant appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court), which in an April 2003 Order endorsed a Joint Motion for Remand of the parties, vacated the Board's decision, and remanded the case to the Board for additional development. 

In July 2003, the Board remanded the case to the RO to ensure full compliance with the Veterans Claims Assistance Act of 2000. In October 2005, the Board remanded the case for further development of the evidence. In a December 2008 decision, the Board determined that a finding of forfeiture against the veteran based upon fraud (made by VA's Compensation and Pension Service upon referral by the RO in March 2007) was proper but that such a finding was not a statutory bar to the appellant's receipt of VA death benefits if she is shown to be an eligible dependent and entitlement to such benefits is otherwise established. The Board also remanded the matters of whether the appellant was a proper claimant for VA death benefits and whether new and material evidence had been received to reopen her claim of service connection for the veteran's cause of death. Subsequently, the RO found that the appellant may be recognized as the veteran's surviving spouse for VA purposes. 

In a December 2012 decision, the Board determined that new and material evidence had been received to reopen the appellant's claim of service connection for the cause of the veteran's death. The Board also remanded the case to the RO for additional due process and evidentiary development. Thereafter, the case was adjudicated by the RO, which confirmed the previous denial of benefits, and was returned to the Board for its consideration. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2013). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The veteran, a former POW, died in April 1957; his death certificate lists the cause of death as "undetermined," and autopsy findings as to cause of death were added to the reverse side of the death certificate as follows: acute cardiac failure; pulmonary edema and congestion, marked; fibrocaseous tuberculosis involving both lungs, apical; and hypertrophy and dilatation, heart, marked.

2. The veteran's primary cause of death, from acute cardiac failure and from marked hypertrophy and dilatation of the heart, is as likely as not due to ischemic heart disease that is presumed to have had onset in service. 






CONCLUSION OF LAW

By extending the benefit of the doubt to the appellant, service connection for the cause of the veteran's death is warranted. 38 U.S.C.A. §§ 1110, 1137, 1310, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.309(c), 3.312 (2013). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. As the decision herein is favorable to the appellant, VCAA compliance need not be addressed. 

Legal Criteria, Factual Background, and Analysis

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Service incurrence will be presumed for cardiovascular disease, if the disability is manifest to a compensable degree within the year after active service. 38 U.S.C.A. §§ 1112, 1137; 38 C.F.R. §§ 3.307, 3.309. Since the appellant filed her application in February 1999 to reopen the claim of service connection for the cause of the veteran's death, the following was added to the list of diseases that may be service connected on a presumptive basis if manifested in a former POW: atherosclerotic heart disease or hypertensive vascular heart disease (including hypertensive heart disease), and their complications (including myocardial infarction, congestive heart failure, arrhythmia). 38 C.F.R. § 3.309(c); 69 Fed. Reg. 60 ,083 (Oct. 7, 2004). 
When a veteran dies from a service-connected disability, the veteran's surviving spouse, children and parents are entitled to dependency and indemnity compensation. 38 U.S.C.A. § 1310. A death will be considered to result from a service-connected disability when the evidence establishes that such disability, which is causally related to service, was either the principal or a contributory cause of the veteran's death. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312(a). 

For a service-connected disability to constitute a principal cause of death, it must be shown to be the primary cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312(b). For a service-connected disability to constitute a contributory cause of death, it must be shown to have contributed substantially and materially to the veteran's death; combined to cause death; aided or lent assistance to the production of death; or resulted in debilitating effects and general impairment of health to an extent that would render the veteran materially less capable of resisting the effects of other disease or injury causing death, as opposed to merely sharing in the production of death. 38 C.F.R. § 3.312(c). 

In this case, the appellant asserts that the veteran was a former POW and that his death was attributable to a cardiac disability that was incurred in service. 

The veteran had beleaguered service from December 8, 1941 to April 9, 1942, was a POW of the Japanese Government from April 10, 1942 to June 5, 1942, was in no casualty status from June 6, 1942 to April 12, 1945, and was in the Regular Philippine Army (PA) service from April 13, 1945 to April 20, 1945. He died in April 1957, and the death certificate lists the cause of death as "undetermined." It also indicates that an autopsy was performed. Of record is an August 1958 certification by a municipal treasurer [noted as issued at the behest of an interested party] from the Republic of the Philippines, Province of Batangas, which indicates that the veteran's cause of death was "[u]ndetermined (acute cardiac failure)." This document also noted the following remarks in relation to the Veteran's death: "Body embalmed, acute cardiac failure, Pulmonary edema and congestion, marked Fibrocaseous tuberculosis involving lungs, apical Hypertrophy and dilatation, heart, marked." 

Despite various efforts including two field examinations, the RO was unable to obtain the report of autopsy or to obtain the basis for the data reported on the August 1958 record from the Office of the Treasurer, which indicates that the veteran's cause of death had a cardiac component. Nevertheless, the Board observes that on the reverse side of the original, stamped copy of the certificate of death that the appellant filed with VA in October 1957, there is a certification dated in April 1957 that the veteran was embalmed pursuant to regulations prescribed by the Bureau of Health. Added to the side of this same page was a typewritten certification from a physician at North General Hospital (where the veteran died), whose signature was noted as "illegible," that on the 29th [or what appears to be the 29th] of April, 1957, an autopsy was performed on the veteran. The physician then listed the cause of death exactly as follows: 

Acute cardiac failure
Pulmonary edema and congestion, marked
Fibrocaseous tuberculosis involving both lungs, apical
Hypertrophy and dilatation, heart, marked
 
The Board observes that the data reported on the August 1958 record from the Office of the Treasurer, which indicates that the veteran's cause of death has a cardiac component, is identical to that reported on the reverse side of the originally submitted death certificate (to include capitalizing certain letters). Given such evidence and in light of the missing report of autopsy, the Board deems the autopsy findings as listed on the reverse side of the death certificate to be authentic for purposes of discerning the veteran's official cause of death.

Other relevant records considered by the Board which bear on the issue of cause of death include the following. A discharge physical examination report dated in June 1946 (the only service treatment record in the file) indicated "normal" in the block for cardiovascular system and "waiver" in the blocks for blood pressure, chest X-ray, and urinalysis. In a statement dated in early 1947, the veteran asserted that after he was a POW in 1942, he was able to recover during 1943-44. In 1956, a year before he died, the veteran submitted a claim of service connection for dizziness, which he said he had had since 1942. In an affidavit dated in 1956, a fellow soldier asserted that the Veteran was already suffering from beriberi (and another ailment) when captured by the Japanese in 1942. In various statements, the appellant indicates that before his death the veteran was scheduled to undergo an examination due to "frequent suffering from the difficulties on breathing/breast pain" but was delayed on account of the birth of their son who was born two days before the veteran died. It is also noted that terminal hospital records are not available. 

Despite the lack of medical documentation concerning the exact nature of the cause/causes of the veteran's death, the autopsy findings that were added to the reverse side of the death certificate are illuminating if not totally clear. They show that two of the leading causes of the veteran's death had a cardiac component. The autopsy findings also indicate that he died of tuberculosis and its complications, although it is not clear whether the specific heart findings may be complications of the tuberculosis or whether they are indicative of a heart ailment separate from the tuberculosis. Acknowledging that there is no way to know for certain, the Board finds that it is at least as likely as not that the heart findings were distinct from tuberculosis and were ischemic in nature (i.e., related to deficiency of blood in a part, due to functional constriction or actual obstruction of a blood vessel, as defined in Dorland's Illustrated Medical Dictionary, 31st edition, 2007). 

The evidence is at least in equipoise that the veteran's cause of death was primarily an ischemic heart disease such as atherosclerotic heart disease or hypertensive vascular heart disease, and their complications (including myocardial infarction, congestive heart failure, arrhythmia). Because he is certified to have been a POW 30 days or longer (and because the heart disease was obviously manifest to a compensable (albeit unknown precise degree), as it was listed as a cause of death, it is presumed under governing law to have been incurred in service as a consequence of the deprivations he encountered as a POW. 38 C.F.R. § 3.309(c). 

In conclusion, by extending the benefit of the doubt to the appellant in accordance with 38 U.S.C.A. § 5107(b), her claim of service connection for the veteran's cause of death is substantiated. 


ORDER

The appeal seeking service connection for the cause of the veteran's death is granted. 


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs